**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

LESTER L. HENDRIX                                          PETITIONER


VS.                              5:16-CV-00268-JLH-JTR


WENDY KELLEY, Director,
Arkansas Department of Correction                          RESPONDENT


## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Lester L. Hendrix ("Hendrix"). *Doc. 2*. Before addressing Hendrix's habeas claims, the Court will review the procedural history of the case in state court.

On November 22, 2013, following a bench trial before Faulkner County Circuit Judge Michael Maggio, Hendrix was convicted of one count of internet stalking of a child, a violation of Ark. Code Ann. § 5-27-306 (Supp. 2013).[1]  Hendrix was sentenced to 240 months' imprisonment.  *Doc. 15-10 at p. 4.*

Hendrix appealed to the Arkansas Court of Appeals, which affirmed his conviction on December 10, 2014.  *Hendrix v. State*, 2014 Ark. App. 696, 450 S.W.3d 692.[2]  Hendrix filed a petition for review with the Arkansas Supreme Court, which was denied.  *Docs. 15-6, 15-8*.

On April 2, 2015, fifty-six days after the Arkansas Court of Appeals issued its mandate on the direct appeal, Hendrix filed a *pro se* Rule 37 Petition with the state trial court in which he argued that his trial counsel was constitutionally ineffective

---

[1]  The statute provides that a person commits the offense of internet stalking of a child if the person, being twenty-one years of age or older, knowingly uses a computer online service, internet service, or local internet bulletin board service to seduce, solicit, lure, or entice a child fifteen years of age or younger, or who the person believes to be fifteen years of age or younger, in an effort to arrange a meeting with the child for the purpose of engaging in sexual intercourse, sexually explicit conduct, or deviate sexual activity. Ark.Code Ann. § 5-27-306(a)(l ) & (2).

At trial, an investigator testified that she posed as a 30 year old mom with two children, ages 10 and 8, and communicated with Hendrix online.  She claimed to have an  incestuous relationship with her children.  Eventually, Hendrix and the investigator discussed forming a "family" in which they would all have sex together.  The investigator testified that Hendrix offered explicit descriptions of the sexual acts he intended to carry out with her and the children.  She also described giving Hendrix the opportunity to "step back" from their internet conversations, but he declined to do so.  The investigator and Hendrix agreed to meet at McDonald's in Conway, where Hendrix was arrested.  *Hendrix v. State*, 2014 Ark. App. 696 at *1-*2.

[2]  Hendrix's sole issue on direct appeal was that the State failed to prove an essential element of the crime because he only communicated with the "mother" and never talked to one of her "children" or anyone he believed was a child. *Hendrix v. State*, 2014 Ark. App. 696, *1.  The Arkansas Court of Appeals held that this issue was not preserved for appellate review.  *Id.*

for failing to: (1) preserve for appellate review the argument that the State had failed to prove as an essential element of the crime that Hendrix communicated directly with anyone he thought was a child; (2) investigate the law enforcement officer who "enticed" and "induced" Hendrix into breaking the law; and (3) develop mitigation evidence for sentencing that went beyond simply offering the testimony of Hendrix and his wife. *Doc. 15-10 at pp. 14-22*.

Hendrix signed the Rule 37 petition, but he failed to sign the verification required by Ark. R. Criminal Procedure 37.1 (2015). *Doc. 15-10 at pp. 14-22*. On June 3, 2015, Hendrix notified the state trial court by letter that he had failed to sign the affidavit verifying his original Rule 37 Petition and provided a signed verification. *Doc. 15-10 at p. 31*.

After a hearing on August 3, 2015, Faulkner County Judge Charles E. Clawson, Jr. denied Hendrix's Rule 37 Petition on the merits.[3] *Id. at 63-67*. The

---

[3] During the hearing, Hendrix's trial counsel testified about his trial strategy to address the lack of proof that Hendrix communicated with someone he believed was a child, which he believed was an essential element of the charged crime of internet stalking. He testified he purposefully pursued a strategy to allow the state to put on its case, to rest, and then to argue that the State failed to meet its burden of proof. He also testified that he believed that if he "had argued the facts more fully" in moving for directed verdict, the prosecutor would have recognized the strength of the argument and amended the charge to conspiracy or attempt to commit rape, a Class A felony. Had the State done so, Hendrix would have faced a maximum penalty of thirty years instead of twenty years. *Doc. 15-10 at pp. 99-100, 104-106*.

In its ruling denying Rule 37 relief, the state trial court held that: (1) defense counsel's handling of the lack of evidence that Hendrix communicated with a child issue was a valid trial strategy about which Hendrix was consulted; (2) the allegation that trial counsel failed to pursue information about the investigating officer was conclusory, with no indication of how it could have changed the outcome of the case; and (3) Hendrix failed to provide his trial counsel with any

trial court did not address any issues related to Hendrix's failure to verify the Rule 37 Petition filed on April 2, 2015 or the legal effectiveness of his belated verification submitted on June 5, 2015.

Hendrix appealed the denial of Rule 37 relief. On April 14, 2016, the Arkansas Supreme Court dismissed Hendrix's appeal, without addressing the merits, because Hendrix had failed to comply with Rule 37.1(c)'s verification requirement on a timely basis. *See Hendrix v. State*, 2016 Ark. 168, at 2. On May 3, 2016, the Mandate issued. *Doc. 15-3*.

On August 25, 2016, Hendrix initiated this *pro se* habeas action.[4] *Doc. 2*. In his habeas Petition he argues that: (1) his due process rights were violated because the evidence at trial was insufficient to support his conviction; and (2) his trial counsel was constitutionally ineffective for failing to preserve that issue for appellate review.

In her response, Respondent argues that: (1) Hendrix's habeas Petition should be dismissed because his claims are either time-barred, or, alternatively, procedurally defaulted; (2) his ineffective assistance claim was disposed of on the

---

information that could have been used as additional mitigation evidence at sentencing. *Doc. 15-10 at pp. 65-66*.

[4] Although the Clerk of Court received and file-stamped Petitioner's habeas Petition on August 29, 2016, it was deemed "filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Ford v. Bowersox,* 178 F.3d 522, 523 (8th Cir.1999); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts.

merits by the state trial court and is entitled to deference. *Doc. 15*. Hendrix has now filed a Reply. *Docs. 17 & 18*. Thus, the issues are joined and ready for disposition.

Because all of Hendrix's habeas claims are barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1), the Court need not address Respondent's other arguments for dismissal.

## II.  Discussion

### A.    Hendrix's Habeas Claims Are Time-Barred

### 1.    Because Hendrix's State Conviction Was "Final" On May 6, 2015, The Deadline For Initiating Federal Habeas Relief Was May 6, 2016

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for habeas relief within one year after the state "judgment of conviction becomes final" by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Because Hendrix sought discretionary review of his criminal conviction in Arkansas's highest court, his conviction became final on May 6, 2015, or 90 days after the Arkansas Supreme Court denied his petition for review on February 5, 2015. *See King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (explaining that for state cases that could have been, but were not, reviewed by the United States Supreme Court, the "judgment becomes final at the expiration of the time for seeking

such review" or, under Sup. Ct. Ru. 13.1, "ninety days after the conclusion of the prisoner's direct criminal appeals in the state system").[5]

The one-year deadline for Hendrix to seek federal habeas relief expired on May 6, 2016. Because Hendrix waited until August 25, 2016 to initiate this action, his habeas Petition is barred by the one-year statute of limitations unless the Court determines that statutory or equitable tolling applies.

### 2.    No Tolling of the One-Year Limitations Period Applies

### a.    Statutory Tolling

The federal limitations period is statutorily tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The Eighth Circuit has held that a Rule 37 petition that fails to satisfy Arkansas's verification requirement imposed by Rule 37.1(c) is not "properly filed" for tolling purposes under § 2244(d)(2). *Nelson v. Norris*, 618 F.3d 886, 891-92 (8th Cir. 2010); *Walker v. Norris*, 436 F.3d 1026, 1030-32 (8th Cir. 2006).

Additionally, while a "*properly filed* application for State post-conviction or other collateral review" tolls the limitation period, an untimely application for post-conviction relief has *no tolling effect*. 28 U.S.C. § 2244(d)(1) (emphasis added); *see*

---

[5]    *Compare Gonzalez v. Thaier*, 132 S.Ct. 641, 653-54 (2012) (explaining that when a criminal defendant fails to seek discretionary review of his criminal conviction in the state's highest court, his judgment becomes "final" when the time for seeking such review expires).

*also Runyan v. Burt*, 521 F.3d 942, 943-944 (8ᵗʰ Cir. 2008); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir.1999) (pendency of state postconviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period). Thus, the one-year federal habeas statute of limitations was not tolled during the pendency of any of Hendrix's state post-conviction proceedings in the trial and appellate court.

### b.    Equitable Tolling

Hendrix argues that he is entitled to the benefit of equitable tolling of the one-year limitations period to save his otherwise untimely claims.  Because the United States Supreme Court has held that § 2244(d) is a statute of limitations, not a jurisdictional bar, it may be subject to equitable tolling if a petitioner can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2560, 2562 (2010).

First, Hendrix has not demonstrated that he pursued his federal rights diligently.  Hendrix blames both the prison notary, who notarized an unsigned verification, and the state clerk, who filed the Rule 37 Petition, for not ensuring that he had verified the Rule 37 Petition.  However, all of his federal habeas claims were known to him at the time of his conviction in state court.  Hendrix's arguments

7

*ignore* his own lack of diligence in filing his *federal* habeas petition *before* the expiration of the one-year statute of limitations.

As the Eighth Circuit has emphasized, "the first question is whether Gordon has shown [the required] reasonable diligence to equitably toll the *federal timing rules* for filing his *federal habeas* petition—not his Rule 37 petition." *Gordon v. Arkansas*, 823 F.3d 1188 (8th Cir. 2016) (emphasis in original). Hendrix offers no explanation for his failure to initiate this action between May 6, 2015 and May 6, 2016. Thus, Hendrix has failed to demonstrate that he exercised reasonable diligence sufficient to "toll the federal timing rules." *Id.*; *see also Nelson*, 618 F.3d at 893 (no diligence where petitioner did not file his federal habeas petition until nine months after the Arkansas Supreme Court denied rehearing in his Rule 37 proceeding).

In *Pace*, 544 U.S. at 416, the Court expressly addressed how prisoners can avoid sometimes spending years exhausting state remedies, only to discover that federal habeas relief is time-barred because their state post-conviction petitions were never "properly filed" under § 2244(d)(2): "A prisoner seeking state post-conviction relief might avoid this predicament ... by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until

state remedies are exhausted."[6]   Ultimately, the Court in *Pace* concluded that the petitioner's failure to pursue his rights diligently, by waiting five months after his state post-conviction proceedings became final before seeking federal habeas relief, prevented him from receiving any equitable tolling.

Here, during the year that Hendrix's fatally flawed Rule 37 Petition was pending in state court, he did *nothing* to protectively file a timely federal habeas petition raising the claims he is now belatedly attempting to assert.

Second, Hendrix has not demonstrated any "extraordinary circumstances" as required by *Holland*. The Eighth Circuit has repeatedly held that a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does not justify equitable tolling. *See, e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Nelson v. Norris*, 618 F.3d 886 (8th Cir. 2010); *Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004); *Baker v. Norris*, 321 F.3d 769 (8th Cir. 2003).

---

[6] *See also Gordon*, *supra* at 1195 & n.4 (citing *Pace* and rejecting the petitioner's argument that equitable tolling should apply to the entire time that he was attempting to exhaust his state-court remedies); *Runyan v. Burt*, 521 F.3d 942, 945-46 & n.4 (8th Cir. 2008) (no equitable tolling where petitioner's state post-conviction applications were not properly filed and thus did not toll the statute of limitations, and he "could have protected himself" during their pendency by filing a timely federal habeas petition and seeking "stay and abeyance"); *Walker*, 436 F.3d at 1030-31 (same; citing *Pace*).

### c.    Actual Innocence

Finally, liberally construed, Hendrix argues that he is entitled to equitable tolling because he is "actually innocent." In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Court explained that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of the statute of limitations.  The Court cautioned that "tenable actual-innocence gateway pleas are rare:  A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (*citing Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *House v. Bell*, 547 U.S. 518, 538 (2006)).

The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324.  The law is clear that, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *see Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis").

Hendrix has come forward with *no new evidence of innocence*. Rather, he advances the same argument he made in his direct appeal:   He is actually innocent of the crime for which he was convicted because he had no direct communication with a child or someone he thought was a child.  *Doc. 17, at p. 5*.  This argument was explicitly rejected by the Arkansas Court of Appeals on procedural grounds. Thus, because Hendrix's argument is not based on any "new evidence," it is insufficient to bring him within the narrow definition of actual innocence.  *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012) ("Actual innocence means factual innocence, not mere legal insufficiency.") (internal quotations and alterations omitted); *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) ("in non-capital cases the concept of actual innocence is easy to grasp, because it simply means the person didn't commit the crime.").  Having failed to meet the demanding actual-innocence standard, Hendrix is not entitled to any equitable tolling on this theory.

### B.    *Martinez* **Is Inapplicable**

In an effort to save his otherwise untimely ineffective assistance claims, Hendrix also tries to invoke the *Martinez* exception.  *See Martinez v. Ryan*, 132 S.Ct. 1309 (2012).[7]   Hendrix's reliance on *Martinez* is misplaced.

---

[7] Because all of his claims are time-barred, it is unnecessary to address Hendrix's argument that *Martinez* can save his admittedly procedurally defaulted ineffective assistance of counsel claim.

*Martinez* provides no basis for extending the limitations period under §
2244(d)(1)(C). The Court's ruling in *Martinez* was an "equitable ruling" and did not
establish "a new rule of constitutional law." *Id*. at 1319. In addition, Courts have
uniformly held that, while *Martinez* changed the law regarding federal habeas review
of *procedurally defaulted claims*, the decision does not constitute an "extraordinary
circumstance" warranting equitable tolling of the one-year statute of limitations for
filing a timely § 2254 habeas action. *See Arthur v. Thomas*, 739 F.3d 611, 631, 633
(11th Cir. 2014) (holding that 'the reasoning of the *Martinez* rule does not apply to
. . . [the one-year] limitations period in § 2254 cases or any potential tolling of that
period); *Parkhurst v. Wilson*, 525 F. App'x 736, 738 (10th Cir. 2013) (habeas
petitioner's "recent discovery of a relevant legal defense" based on *Martinez* does
not provide a basis for equitable tolling); *Smith v. Hobbs*, 2014 WL 2718698, at *2
(E.D. Ark. May 15, 2014) (*Martinez* holding is not an extraordinary circumstance
that would justify equitable tolling; "[w]hether a claim is procedurally defaulted is a
completely distinct question from whether it is barred by the ... statute of
limitations").

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      The 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. 2*, be
DENIED, and this case be DISMISSED, WITH PREJUDICE; and

    2.      A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

    DATED this 20th day of June, 2017.

    _____

    UNITED STATES MAGISTRATE JUDGE

13